Argued April 21, affirmed May 27, 1975

NICKUM, *Petitioner, v.* EMPLOYMENT
DIVISION ET AL, *Respondents.*

535 P2d 594

*Jane Edwards,* Portland, argued the cause for petitioner. With her on the brief were Edwards and Edwards, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Claimant seeks judicial review of an order of the Employment Appeals Board (Board) affirming the referee's decision which found claimant to be disqualified from receiving unemployment benefits because she voluntarily left work. ORS 657.176(2).①

Claimant assigns as error:

(1) "The Employment Appeals Board erred in finding: 'Her [petitioner's] conversation with the employer on September 27 is found to be a leaving of the work.' "

(2) "The Employment Appeals Board erred in determining the legal issue in this case to be whether the employee had 'good cause' to leave work rather than whether the employee 'voluntarily' left work."

After studying claimant's brief we conclude that claimant is actually asking us to review the record and determine if the evidence supports the Board's decision that claimant voluntarily left work on September 27, 1974.

In a review of this nature we are bound by ORS 183.480(7)(d), which provides:

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"* * * * *

---

① ORS 657.176(2) provides:

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

"(d)  On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *."

Claimant had worked for the employer for approximately two months. On September 27, 1974, claimant went to the employer to express her dissatisfaction with the manner in which her checks were computed. During the course of this discussion claimant submitted her resignation. Her own testimony shows when and why she resigned.[2]

"Q  [Referee]. * * * Your primary unhappiness with the check was its vagueness as to what days were covered and what rate was covered?

"A  [Claimant].  Yes.

"Q  [Referee]. And your primary dissatisfaction about the check was not whether or not you were paid for the overtime you did?

"A  [Claimant]. That's right. In addition—an additional statement that Ms. Simpson made which said that from now on there will never be any more overtime. Well, here we are back in the clock watching business again and if I were to be working under those conditions, I would find it very difficult and at that point I tendered my resignation."

---

[2] Others who witnessed the conversation testified to the same facts.

Ms. Wilson testified:

"Well, it all—I don't know how it actually began but there seemed to be quite a discussion over the amount of payment she—she seemed to misunderstand and Mildred [employer] did not seem to understand what she was trying to get at and all at once, she say [sic] well, if that's the case or if that's the situation or whatever her words were, I hereby tender my resignation * * *."

Mr. Knutson testified:

"* * * Ms. Simpson [employer] had called me in her office because I'm just across the hall to ask me a point about the method of calculating the payroll of Ms. Nickum. And during the course of our discussion, Ms. Nickum, who was working in

The basic dispute in this case is essentially over whether claimant actually quit on September 27, or whether she intended to work an additional two weeks. The record discloses that after claimant submitted her resignation the employer inquired as to when it was to become effective; claimant answered that she wanted it effective as of that day.

After resigning claimant asked the employer if she wanted her to work an additional two weeks in order to fulfill the customary two weeks' notice. The employer answered that it would be unnecessary for her to work the two additional weeks.

The work week of September 30, 1974, had been scheduled as a vacation without pay for the claimant. In spite of the fact that the employer told her that it would be unnecessary to work the extra two weeks, claimant sent a letter, while on vacation, to the employer informing her that she would report for work on October 7, 1974, to work an additional two weeks. When she reported to work the employer informed her that there was no work for her, and that other arrangements had been made.

From our examination of the record we conclude that the Board did not err. The Board's finding that claimant voluntarily left work on September 27, 1974, is clearly supported by "reliable, probative and substantial evidence in the whole record," and we are bound by the Board's order.

Affirmed.

---

another room, also entered the room, so the three of us were there and the testimony that Ms. Simpson gave about the conversation what—that went, 'Well, in that case, I tender my resignation.' and the response, 'When do you want it to be effective?' * * *."